THE PEOPLE OF PUERTO RICO, EX REL. RAFAEL ARJONA SIACA, Petitioner and Appellant, v. RAFAEL LANDRÓN Y LANDRÓN, Respondent and Appellee.

No. 8082. Argued February 5, 1940.—Decided June 13, 1940.

66

*George A. Malcolm, Attorney General, (E. Campos del Toro,* former *Assistant Attorney General,)* on the brief. *R. García Cintrón, Deputy Attorney General* for appellant. *Bolívar Pagán* and *J. Valldejuli Rodríguez* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

In the District Court of San Juan on the 15th of September, 1938, at the instance of Rafael Arjona Siaca, The People of Puerto Rico, through its Attorney General, brought this information of *quo warranto*. The writ is commonly known as one in the nature of *quo warranto*.

Rafael Landrón y Landrón was appointed associate member of the Public Service Commission and was discharging the duties of that office when, in the general elections of 1936, he was elected a member of the Board of Commissioners of the Capital. He accepted the latter position. It is the contention of the petitioner that by such acceptance the office of member of the Public Service Commission of Puerto Rico became vacant by reason of the incompatibility of the two positions, and the petitioner prayed that the first named position should be declared vacant. The right of the relator to invoke the assistance of the Attorney General was not challenged. It is an important point in the case that an associate member of the Board of Commissioners of the Capital is *ad honorem*. The Legislature on making the position *ad honorem* immediately assumed that a person elected to that position had some independent means of income.

The District Court of San Juan dismissed the information and The People of Puerto Rico appealed. The first assignment of error is:

"The District Court of San Juan erred in applying to the case at bar Act No. 32, approved on the 4th of May, 1933, which amended Section 1 of Act No. 99 of 1931."

▇ The appellant said that the court below conceded that the two positions were at common law incompatible although they may or may not be. See the decision of this court in *Añeses* v. *Executive Council*, *infra*. The court did not distinctly say so, but assumed them incompatible at common law and nevertheless said that the Legislature had already determined what should or should not be incompatible by the said Act. It provides:

"Section 1. The Municipality of San Juan, Puerto Rico, as constituted by legislation in force, is hereby abolished. In place of the said Municipality, there is hereby created a body politic and juridic of local government, which shall constitute a special district with the same territorial limits as now pertain to the Government of the Capital, and whose organisms and officials shall have no powers, restric-

tions, incompatibilities of impediments other than those provided in this Act or in the Organic Act.'' (Session Laws of 1933, p. 254.)

The court relied on the case of *Klair* v. *Bacharach,* (N.J. 1932) 159 Atl. 538. The appellant does not convince us that the court was mistaken in the application of this case, but we do not find it necessary to analyze it.

Although we do not recall that the matter was discussed by us, on an appeal from a decision of this court the Circuit Court of Appeals for the First Circuit held that the incompatibility existing at common law was applicable to Puerto Rico. *López* v. *Martorell,* 59 F. (2d) 176.

■■ The appellant maintains that it could not have been the intention of the Legislature by Act No. 32 of 1933, *supra,* to do away with all the incompatibilities inherent in public offices in Puerto Rico. The contention in part is that if such had been the intent of the Legislature the act would fail because the provision therein did not follow that part of section 34 of the Organic Act which says that the contents of every act must be expressed in its title and that it should not contain more than one subject-matter. The appellant gives no particular citation of authorities and our recollection of the jurisprudence is that a statute may be upheld if its title is a good signpost for what the act contains. *Rodríguez* v. *P. R. Ry. Light & Power Co.,* 30 P.R.R. 869, 32 P.R.R. 386. When the act shows the general nature of the municipality that the Legislature wanted and did create, the mention of what should be considered incompatible was a mere incident of the general purpose of the legislation and could not be considered as a separate subject-matter. Of course, we agree, according to the case of *People ex rel. López* v. *Pérez,* 54 P.R.R. 763, that certain persons by reason of their physical, mental or moral incapacities could not successfully fulfill a public position, but that case has no analogy with the case at bar, in which only the question of the incompatibility of two offices is concerned. It was not suggested that Mr. Landrón had any other incapacity.

██ Then the appellant in his brief discusses with due citation of authorities what constitutes incompatibility. We have no question that if two offices have more or less continued inconsistencies or conflicts in their duties, an incompatibility arises. We hold, however, that such conflicts or inconsistencies should be more or less permanent and not merely casual.

The opinion in *López* v. *Martorell, supra,* did not decide that two offices might not be held, but merely that under the Organic Act two salaries could not be drawn; but it was implied that if the two positions are incompatible the office-holder can not retain both, even though no statute so provides. It has been held by this court that if two positions are incompatible the acceptance of the second position vacates the office of the first. *Añeses et al.* v. *Executive Council,* 38 P.R.R. 240.

To that extent, at least, the rule at common law is in force in Puerto Rico, not as a matter of statute, but as a question of public policy.

██ Then the appellant proceeds to review the duties of the commissioners of the Capital and the members of the Public Service Commission and suggests generally that there is a conflict between them. The appellant does not stress the differences except in so far as the aqueduct of San Juan is concerned. At the hearing of this case in the inferior court, the Secretary of the Public Service Commission was called and testified that Mr. Landrón had disqualified himself in two or three cases where the aqueduct was involved. There is necessarily some coincidence in the work of the Public Service Commission and the work of the Capital, and Mr. Landrón felt that this was true when he disqualified himself.

The appellee replies that a man as well-known as Mr. Landrón is apt to be called on to fulfill various public or private duties. We agree that this might happen to any prominent public citizen. As we have indicated before, the

post requires that its occupant should have some independent means. We cannot see that the inhibitions are of a different nature or much more numerous than what might happen to any judge of a court or any commissioner of the Public Service Commission by reason of some other public or private relation.

In some part of his brief, the appellant, in discussing his third error, maintains that Act No. 32 of 1933 could only have relation to the incapacity of a person belonging to the Board of Commissioners of the Capital. We think this is a clear expression of the legislative intention for of course there could be no incompatibility unless a person was appointed or elected to some other position. The Act presupposes that the incumbent of a position was occupying another position. The use of the word "incompatibility" excludes any other conclusion.

Let us suppose, for example, that Mr. Landrón had first been elected Commissioner of the Capital and subsequently appointed member of the Public Service Commission. Then, according to the appellant, the Act might have application. This would make it seem absurd that, where a man is discharging or attempting to discharge two offices, the incompatibility depended upon to which office he was first appointed or elected. What could have been done in this case was that after the general elections making Mr. Landrón Commissioner of the Capital, he could have been appointed a member of the Public Service Commission, and then, under such supposition, his appointment to the Public Service Commission would make no difference.

The second assignment of error provides:

"The District Court of San Juan erred in admitting in evidence Ordinance No. 522 of the Government of the Capital, entitled 'To regulate the procedure of administration and collection of the aqueduct of the Government of the Capital, to create the Board of Administration of the Aqueduct and for other purposes.' "

We are inclined to agree with the appellant that if Mr. Landrón suffered from an incapacity before the Government of the Capital passed ordinance number 522, that the passage of such ordinance could not cure such incompatibility. The ordinance might, in the public interest, tend to reduce thereafter any conflict about the aqueduct between the two organisms.

██ The appellant under the third assignment of error also discusses the general Federal acts which prohibit territories from doing certain things. We disagree with him that such Federal acts are applicable to Puerto Rico. They are meant to apply to the general territories of the United States within the Continent. That Puerto Rico has comprehensive legislative powers similar to those of any state is a result of the decision in *Puerto Rico* v. *Shell Co.*, 302 U.S. 253, and more recently in the case of *People of P. R.* v. *Rubert Hnos.*, decided March 25, 1940 (309 U.S. 543).

In one way or another we have covered the essential matters involved in this litigation and the judgment of the court below should be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.